ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 30 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TPI HOLDINGS, INC., and DOMINION ENTERPRISES, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. ) 1 09-cv-0844 |
| JOHN SCHOCH, | ) ) |
| Defendant. | ) ) |

RWS

**COMPLAINT**

Plaintiffs TPI Holdings, Inc. and Dominion Enterprises (collectively "TPI") state the following for their Complaint against Defendant John Schoch ("Defendant"):

**Nature of the Action**

1. This is an action at law and in equity for trademark infringement, cybersquatting, and unfair competition arising under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051-1127, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and state statutory and common law.

1

US2008 613082 1

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 15 U.S.C. §§ 1331 and 1338.

3. This Court has personal jurisdiction over Defendant because Defendant is transacting business within this district, has engaged in acts or omissions within this district causing injury, or has otherwise made or established contacts with this district sufficient to permit the exercise of personal jurisdiction.

4. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim have occurred and are occurring in this district.

## Parties

5. Plaintiff TPI Holdings, Inc. ("TPI") is a corporation organized under the laws of the State of Delaware with its principal place of business located in this District, in Atlanta, Georgia. TPI is the owner of the trademarks and trademark registrations at issue in this suit.

6. Plaintiff Dominion Enterprises ("Dominion") is a partnership organized under the laws of Virginia, with its principal place of business located in Norfolk, Virginia. Dominion is the licensee of the trademarks at issue in this suit and the registrant of the domain names consisting of the trademarks at issue. TPI,

2

Dominion, and their predecessors and affiliates are collectively hereinafter referred to as "TPI" or "Plaintiffs."

7. Defendant is an individual who may be served at 1741 Corporate Landing Parkway, Virginia Beach, Virginia, 23454 or 2520 Nestlebrook Trail, Virginia Beach, Virginia 23456. Defendant owns the registration for and controls the domain name at issue in this case.

## FACTUAL BACKGROUND

### TPI's Trademark and Service Mark Rights

8. For more than thirty years, TPI has adopted and used a family of trademarks using the term "TRADER" in conjunction with another term or phrase, such as "BARGAIN," "AUTO," or "FREE ADS" (the "TRADER Marks"), including the marks AUTO TRADER, AERO TRADER, BARGAIN TRADER, BOAT TRADER, CYCLE TRADER, LUXURY CAR TRADER, RV TRADER, TRADER PLUS, and TRADER ONLINE, among others.

9. From the beginning, TPI used the TRADER family of marks in connection with a number of different print publications offering classified advertising distributed throughout the United States. Since 1996, in addition to the print publications, TPI has also offered classified advertising online in connection with the TRADER Marks.

3

10. TPI is the owner of multiple federal registrations for its TRADER Marks, including the following:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| AERO TRADER | 2288805 | 10/26/1999 |
| AERO TRADERONLINE.COM | 2873918 | 08/17/2004 |
| AUTO TRADER | 2390815 | 10/03/2000 |
| AUTO TRADER | 1247037 | 08/02/1983 |
| AUTOTRADER.COM | 2381590 | 08/29/2000 |
| BARGAIN TRADER | 2294228 | 11/23/1999 |
| BARGAIN TRADER | 1207204 | 09/07/1982 |
| BARGAIN TRADERONLINE.COM | 2901427 | 11/09/2004 |
| BIG TRUCK TRADER | 2829945 | 04/06/2004 |
| BOAT & RV TRADER | 1450690 | 08/04/1987 |
| BOAT TRADER | 2389118 | 09/26/2000 |
| BOAT TRADER | 1208249 | 09/14/1982 |
| BOAT TRADERONLINE.COM | 2873930 | 08/17/2004 |
| COLLECTOR CAR TRADER | 2294233 | 11/23/1999 |
| COLLECTOR CAR TRADERONLINE.COM | 2873929 | 08/17/2004 |
| CYCLE TRADER | 2294240 | 11/23/1999 |
| CYCLE TRADER | 1627016 | 12/11/1990 |
| CYCLE, BOAT, & RV TRADER | 1450707 | 08/04/1987 |
| FREE ADS TRADER | 1886026 | 03/28/1995 |
| LUXURY CAR TRADER | 2700080 | 03/25/2003 |
| OLD CAR TRADER | 1911290 | 08/15/1995 |
| OLD CAR TRADER | 2348530 | 05/09/2000 |
| PICK-UP TRADER | 1644398 | 05/14/1991 |
| PICK-UP TRADER | 2295507 | 11/30/1999 |
| RV TRADER | 2294239 | 11/23/1999 |
| RV TRADER | 1822663 | 02/22/1994 |
| RV TRADERONLINE.COM | 2876679 | 08/24/2004 |
| TRADER ONLINE | 2302312 | 12/21/1999 |
| TRADER PLUS | 2885985 | 09/21/2004 |
| TRADER TIMES | 1718017 | 09/22/1992 |
| TRADERONLINE.COM | 3161680 | 10/24/2006 |

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| TRUCK TRADER | 2817176 | 02/24/2004 |
| TRUCK TRADERONLINE.COM | 2871209 | 08/10/2004 |
| YACHT TRADER | 1648145 | 06/18/1991 |
| YACHT TRADER | 2349954 | 05/16/2000 |
| YACHT TRADERONLINE.COM | 3173201 | 11/21/2006 |

True and correct copies of print-outs from the U.S. Patent and Trademark Office online database showing these registrations are attached as Collective Exhibit A. All of these registrations constitute prima facie evidence, and those that are incontestable constitute conclusive evidence, of the validity of the marks and TPI's exclusive right to use the marks in connection with the goods and services specified in the registrations.

11.    Since the adoption of each of the TRADER Marks, Plaintiffs have made widespread and continuous use of them, and promoted them together, in connection with services offered to the public throughout the United States.

12.    Specifically, through its predecessors in interest, TPI began using the BARGAIN TRADER mark at least as early as 1975 and together with its predecessors, has used it continuously since that time in connection with print publications distributed throughout the United States that provide advertising and information about a wide variety of goods for sale. A true and correct copy of the front cover of a BARGAIN TRADER magazine is attached as Exhibit B.

US2008 613082 1

13.     Beginning in at least September, 1999, TPI extended use of the BARGAIN TRADER mark to provide advertising and merchandising classifieds via an online electronic communications network.  Since that time, TPI has featured its offerings under the BARGAIN TRADER mark at websites accessible under the bargaintraderonline.com, bargaintrader.com, and traderonline.com domains.  A true and correct print-out of the homepage reached through the domain names bargaintrader.com and bargaintraderonline.com is attached as Exhibit C.

14.     Plaintiffs offer classified advertising on its BARGAIN TRADER website relating to a number of different type items for sale, such as businesses, collectibles, sports memorabilia, furniture, antiques, electronics, and real estate, among other things.

15.     In addition, TPI, through its predecessors in interest, began using the AUTO TRADER mark at least as early as 1974 to provide classified advertising respecting automotive vehicles; the BOAT TRADER mark at least as early as 1976 to provide classified advertising respecting boats; the CYCLE TRADER and AERO TRADER marks at least as early as 1978 to provide classified advertising respecting motorcycles and airplanes respectively; the RV TRADER mark at least as early as 1989 to provide classified advertising respecting RV's; the YACHT TRADER mark at least as early as 1990 to provide classified advertising respecting yachts and

luxury boats; and the LUXURY CAR TRADER mark at least as early as 2002 to provide classified advertising respecting luxury vehicles. True and correct copies of representative front covers of magazines distributed under these marks are attached as Collective Exhibit D.

16. Beginning in at least 1996, TPI extended use of the AUTO TRADER, BOAT TRADER, RV TRADER, CYCLE TRADER, and AERO TRADER marks to provide advertising and merchandising classifieds respecting the various goods and services they featured via an online electronic communications network. Since that time, TPI has featured its offerings under the AUTO TRADER mark at its autotrader.com site, under the BOAT TRADER mark at its boattrader.com and boattraderonline.com websites, under the RV TRADER mark at its website at rvtraderonline.com, under the AERO TRADER mark at its website at aerotrader.com and aerotraderonline.com, and under the CYCLE TRADER mark at its website at cycletrader.com and cycletraderonline.com. In 1999, TPI also began promoting its offerings under the YACHT TRADER mark at its site at yachttraderonline.com. True and correct print-outs of representative homepages reached through TRADER domain names and/or featuring TRADER marks are attached as Collective Exhibit E.

US2008 613082 1

17. Plaintiffs have invested more than thirty years of continuous and substantial corporate efforts and hundreds of millions of dollars to strengthen and promote the reliability of goods and services provided under, and identified by, its family of TRADER Marks. Plaintiffs have distributed hundreds of millions of TRADER magazines through tens of thousands of outlets, and Plaintiffs' online sites operated under the TRADER marks have carried millions of ads and attract hundreds of millions of visitors annually.

18. As a result of TPI's substantial and continuous use and marketing of its TRADER Marks, and of its websites and services offered in connection with them, the marks have become extremely well known to the public as exclusive source identifiers of TPI's high quality reliable services, and the public has come to expect websites offering and publishing classified advertising in connection with TRADER formative marks to be associated with TPI.

### Defendant's Wrongful Acts

19. Long after TPI's marks had become well known as source identifiers for TPI's advertising services, in an attempt to trade on TPI's good will, in November, 2007, Defendant registered the domain name LUXURYASSETTRADER.COM. (the "Infringing Domain Name"). A true and

correct copy of the database search for the Infringing Domain Name, showing Defendant as the owner, is attached as Exhibit F.

20.  In approximately October, 2008, Defendant began using the Infringing Domain Name to operate a website that Defendant variously called LUXURY ASSET TRADER or simply, LUXURY TRADER (the "Infringing Marks").  A true and correct copy of a printout of the homepage for the LUXURY ASSET TRADER website, as it first appeared, is attached as Exhibit G.  Defendant's site offered advertising and merchandising classifieds, enabling third parties to advertise their property for sale, in direct competition with TPI's sites.  Defendant's site was also set up to provide the same classified advertising categories as TPI has long offered under its TRADER marks, such as:  automotive vehicles, motor coaches (RV's), boats, aircraft, custom bikes, real estate, and business.

21.  Before Defendant began using the Infringing Domain Name and Infringing Marks, Defendant had actual knowledge of TPI's TRADER marks because of TPI's longstanding and extensive use of them.  Indeed, Defendant resides in close proximity to the headquarters for Dominion and its predecessor Trader Publishing Company, which companies have been prominent corporate citizens for many years and whose TRADER businesses have consequently become very well-

known in the community. Defendant is also charged with constructive knowledge of TPI's rights because of TPI's multiple trademark registrations.

22. Defendant's mark is confusingly similar to Plaintiffs' family of marks because TRADER is a salient component of it.

23. Defendant's site was set up to offer advertising services that are identical to the Plaintiffs' service through the same channel of trade that Plaintiffs use. Defendant set up the site to divert internet users seeking Plaintiffs' services to Defendant's site.

24. Defendant has used the site intentionally to seek to cause confusion and trade on TPI's goodwill in its TRADER family of marks in order to reap undeserved profits.

25. Defendant's use of a mark that is confusingly similar to TPI's TRADER Marks deceives the public, causes irreparable harm and damage to TPI, and unlawfully generates income for Defendant.

26. When Plaintiffs learned of Defendant's infringement, Plaintiffs demanded that Defendant cease using the Infringing Domain Name and mark and transfer the Domain Name to Plaintiffs. A true and correct copy of Plaintiffs' demand letter to Defendant is attached as Exhibit H.

27. In response, Defendant contended that his site was a barter website and that, therefore, he was not offering the same services as Plaintiffs and was making a non-trademark descriptive use of LUXURY ASSET TRADER. Defendant, however, is not making a non-trademark descriptive use of the term because Defendant used the term as a source-identifier, and made prominent, attention-getting use of the term as the name of his website. Moreover, a review of the ads posted on Defendant's site show that a large percentage list items for sale for cash, not for barter.

28. After receiving the demand letter, Defendant changed the website at the Infringing Domain Name so as to use the Infringing Domain Name to promote Defendant's new site, luxuryassetnetwork.com, as shown in the attached Exhibit I. Defendant has refused to give up rights to the Infringing Domain Name and has refused to cease all use of it. Instead, Defendant is using the Domain Name to continue to trade on Plaintiffs' goodwill and to direct users to Defendant's new site, and holding the Domain Name hostage to prevent Plaintiffs from having the Domain.

29. Defendant therefore is continuing to infringe on Plaintiffs' rights and specifically targeting consumers in this District, as illustrated by ads on Defendant's site for goods located in Georgia attached as Exhibit J.

## COUNT I
## **VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

30. TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29 as if set forth fully herein.

31. By registering and using the Infringing Domain Name, Defendant has registered, trafficked in, and used a domain name that is confusingly similar to TPI's TRADER Marks. Defendant registered the Infringing Domain Name with the bad faith intent of profiting unlawfully from TPI's TRADER Marks.

32. Defendant registered and is using the Infringing Domain Name with the intent to divert consumers from TPI's online locations to his websites accessible through the Infringing Domain Name and with the bad faith intent to profit from Plaintiff's marks by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the site.

33. Defendant is operating his site with the intent to profit from the use of the Infringing Domain Name and the consequent confusion of internet users.

34. Defendant's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

35. The unauthorized registration and use of the Infringing Domain Name has caused and unless enjoined, Defendant's registration and continued use of the

Infringing Domain Name will continue to cause, irreparable injury to TPI and to the goodwill associated with TPI's TRADER Marks.

36. Because Defendant's infringing conduct is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. § 1117(d) or Defendant's trebled profits, together with TPI's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II
## FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT

37. TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29 as if set forth fully herein.

38. Defendant's unauthorized use of confusingly similar imitations of TPI's registered TRADER Marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that his business and services are affiliated, connected, or associated with TPI or have the sponsorship, endorsement, or approval of TPI, all in violation of 15 U.S.C. § 1114.

39. Defendant's unauthorized use of confusingly similar imitations of TPI's registered TRADER Marks, notwithstanding his knowledge of TPI's ownership of the TRADER Marks, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of TPI's TRADER Marks and to cause confusion, deception,

and mistake in the minds of TPI's customers and potential customers to the great and irreparable injury of TPI. Defendant has acted knowingly and has been unjustly enriched thereby.

40. Because Defendant's conduct is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief, and to recover Defendant's trebled profits, TPI's costs, and TPI's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
## FEDERAL UNFAIR COMPETITION

41. TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29 as if set forth fully herein.

42. Defendant's use of confusingly similar imitations of TPI's TRADER Marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's businesses are affiliated, connected, or associated with TPI or have the sponsorship, endorsement, or approval of TPI, in violation of 15 U.S.C. § 1125(a).

43. Defendant's actions demonstrate an intentional, willful, and bad faith intent to trade on TPI's goodwill and to cause confusion, deception, and mistake in the minds of TPI's customers and potential customers by implying a nonexistent

US2008 613082 1

affiliation or relationship between Defendant and TPI to the great and irreparable injury of TPI.

44. Because Defendant's unfair competition is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief, and to recover Defendant's trebled profits, TPI's costs, and TPI's reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT IV
## DECEPTIVE TRADE PRACTICES UNDER O.C.G.A. § 10-1-370 *et seq.*

45. TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29 as if set forth fully herein.

46. Defendant's acts constitute deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. 10-1-372 (a) (2007).

47. Defendant's infringement has been willful and in bad faith, making this an exceptional case under O.C.G.A. § 10-1-373 (b)(2) (2007).

## COUNT V
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

48. TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29 as if set forth fully herein.

49. Defendant has used confusingly similar imitations of TPI's TRADER Marks with full knowledge of TPI's rights to the marks and with the willful and

15

calculated purpose of trading upon TPI's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by TPI, for the purpose of misleading and deceiving the public.

50.  Defendant has used confusingly similar imitations of TPI's electronic URL addresses, with full knowledge of TPI's rights, and with the willful and calculated purpose of trading upon TPI's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by TPI, for the purpose of misleading and deceiving the public.

51.  Defendant's conduct constitutes infringement of TPI's common law rights to the TRADER Marks and has damaged and will continue to damage irreparably TPI's goodwill and reputation unless enjoined by this Court.

52.  Independent of their liability for common law infringement, Defendant also engaged in unfair competition under the common law of Georgia and the other states in which he has engaged in his activities through his attempted reliance on consumer mistakes and confusion, and his deliberate efforts to poach upon TPI's goodwill.

US2008 613082 1

## **PRAYER FOR RELIEF**

WHEREFORE, TPI prays:

1. That Defendant, his partners, agents, employees, and all persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from:

    a) using the Infringing Domain Name and any trademark, company name, or domain name that is confusingly similar to TPI's TRADER Marks;

    b) engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's online business, products, or services with or by TPI;

    c) otherwise infringing upon TPI's TRADER Marks or unfairly competing with TPI in any manner whatsoever; and

2. That Defendant be ordered to transfer and assign to TPI the Infringing Domain Name.

3. That an accounting be ordered and judgment be rendered against Defendant for all profits received from the sale, rental, or provision of products or

services directly or indirectly in connection with, or advertised or promoted in any manner, utilizing the Infringing Domain Name and confusingly similar imitations of TPI's TRADER Marks.

4. That the award of profits resulting from Defendant's infringement, unfair competition, and false designation of origin of products and services be trebled.

5. That TPI recover its actual damages.

6. That the award of actual damages from Defendant's infringement, unfair competition, and false designation of origin of products and services be trebled.

7. That TPI recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000.00 per Infringing Domain Name.

8. That Defendant be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type, including the plates, molds, or other means of producing the materials, which bear references to confusingly similar imitations of TPI's BARGAIN TRADER and/or BOAT TRADER Marks, or to the Infringing Domain Name.

US2008 613082 1

9.  That Defendant be directed to file with the Court and serve on TPI, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

10. That TPI be awarded its costs in connection with this suit, including reasonable attorneys' fees and expenses.

11. That TPI have such other and further relief as the Court may deem just and proper.

/s/ Judith A. Powell
Judith A. Powell
Georgia Bar No. 586125
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500 (telephone)
(404) 815-6555 (facsimile)

Attorneys for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the attached pleading complies with the font and point selections prescribed by Local Rule 5.1B and uses 14 point Times New Roman Font.

*Judith A. Powell*
Judith A. Powell